IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CRYSTAL CLEAR SPECIAL UTILITY DISTRICT, | § | NO. 1:22-CV-1293-DAE |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| LORI COBOS, JIMMY GLOTFELTY, KATHLEEN JACKSON, THOMAS GLEESON, and COURTNEY K. HJALTMAN, in their official capacities as Commissioners of the Public Utility Commission of Texas, RIVER BRIDGE RANCH, LLC, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

_____

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION;
(2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS;
AND (3) DENYING WITHOUT PREJUDICE MOTION FOR SUMMARY
<u>JUDGMENT</u>

Before the Court is a Report and Recommendation (the "Report")

(Dkt. # 44) submitted by United States Magistrate Judge Dustin Howell. Also

before the Court is Plaintiff Crystal Clear Special Utility District's ("Crystal

Clear") Motion for Summary Judgment. (Dkt. # 43.) The Court finds these

matters suitable for disposition without a hearing. After reviewing the Report, the

Court **ADOPTS** Judge Howell's recommendation, and **GRANTS IN PART** and

**DENIES IN PART** Defendants Lori Cobos, Jimmy Glotfelty, Kathleen Jackson,

and Courtney Hjaltman, in their Official Capacities as Commissioners of the

Public Utility Commission of Texas's ("PUC") (collectively, "PUC Defendants")

Motion to Dismiss (Dkt. # 35). And, given this ruling, the Court will **DENY**

**WITHOUT PREJUDICE** Crystal Clear's motion for summary judgment (Dkt.

# 43.)

<u>BACKGROUND</u>

The Court will recite the background facts of this matter as stated by

Judge Howell in his Report.[1] Crystal Clear filed this lawsuit based on the

allegedly unlawful decertification of part of its 165-square-mile water-service area.

Crystal Clear makes water service available within its certificated area pursuant to

a Certificate of Convenience and Necessity ("CCN") issued to it by the PUC and is

the recipient of an outstanding loan from the United States Department of

Agriculture, Rural Development. (Dkt. # 33, at 2–3.) Crystal Clear's troubles

started when Intervenor-Defendant River Bridge Ranch, LLC ("RBR") filed an

application with the PUC requesting expedited decertification of two tracts of land

within Crystal Clear's water-service area. (<u>Id.</u> at 3.) RBR subsequently sold one

of the tracts and a portion of the second tract to Lennar Homes of Texas Land and

Construction, Ltd. ("Lennar Homes") and amended its application with the PUC to

---

[1] To the extent any objections are made to Judge Howell's recitation of the facts, the Court will note it in the objections discussed below.

only include the remaining land within one of the tracts.  (Id. at 3–4.)  Lennar

Homes then filed its own application with the PUC for expedited decertification of

the tracts it had purchased from RBR.  (Id. at 4.)

   The PUC granted both RBR and Lennar Homes's applications in full,

curtailing Crystal Clear's service area.  (Id. at 4–5.)  Crystal Clear alleges that the

curtailment of its service area violates 7 U.S.C. § 1926(b), which states that service

areas provided to a recipient of a federal loan "shall not be curtailed or limited by

inclusion of the area served by such [federally indebted] association within the

boundaries of any municipal corporation or other public body, or by the granting of

any private franchise for similar service within such area during the term of such

loan[.]"  7 U.S.C. § 1926(b).  The Texas Water Code, in contrast, says that the

PUC "may not deny the petition based on the fact that the certificate holder is a

borrower under a federal loan program."  Tex. Water Code § 13.2541(d).

   Crystal Clear contends that section 1926(b) preempts the conflicting

state provision and asks the Court to declare that section 13.2541(d) of the Texas

Water Code is "unconstitutional, void, and of no effect."  Id. at 8.  Crystal Clear

also seeks declarations that the PUC Defendants "would violate" federal law by

decertifying Crystal Clear's certificated service area and approving of "any

municipality, municipal utility, or other public body" to provide water service in

that certificated service area under section 13.2541(d), and that RBR and Lennar

Homes cannot receive water service from the City of San Marcos while Crystal Clear's federal loan remains outstanding.  Id. at 9.  Crystal Clear further seeks injunctive relief in the form of orders prohibiting the PUC Defendants from "complying, following, or otherwise enforcing" section 13.2541(d) or allowing RBR or Lennar Homes to receive water service on the at-issue tracts while Crystal Clear's federal loan remains outstanding, and requiring the PUC Defendants to recertify the at-issue tracts into Crystal Clear's certificated water service area.  Id.

On July 22, 2024, the PUC Defendants filed a motion to dismiss Crystal Clear's claims.  (Dkt. # 35.)  The motion was referred to Judge Howell by the District Judge originally assigned to this action.  On December 13, 2024, Judge Howell made his Report on the PUC's motion.  (Dkt. # 44.)  On January 10, 2025, the PUC Defendants filed their objections (Dkt. # 48); the same day, Crystal Clear filed its objections (Dkt. # 49).  On January 31, 2025, the PUC Defendants and Crystal Clear each filed responses to each other's objections (Dkts. ## 53, 54.)  Meanwhile, before the Court had an opportunity to consider the pending motion to dismiss, Crystal Clear filed a motion for summary judgment.  (Dkt. # 43.)  The Court will address the objections to the Report below.

APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate

Judge's conclusions to which a party has specifically objected.  See 28 U.S.C.

§ 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which

objection is made.").  The objections must specifically identify those findings or

recommendations that the party wishes to have the district court consider.

Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider

"[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n,

834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de

novo review; the Court need only determine whether the Recommendation is

clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221

(5th Cir. 1989).

DISCUSSION

In his Report, Judge Howell made the following findings: (1) absent

further instruction from the Fifth Circuit regarding whether a request for

recertification falls within the scope of Ex Parte Young, Crystal Clear's request for

an injunction requiring the PUC Defendants to recertify the at-issue tracts of land

is prospective in nature and therefore not barred by sovereign immunity; (2) but

Crystal Clear's request for a declaration that the PUC Defendants acted unlawfully

in decertifying certain tracts in its certificated service area seeks retrospective relief

and is therefore barred by sovereign immunity; (3) Crystal Clear does not have

standing to assert its remaining requests for relief and they should therefore be

dismissed.  (Dkt. # 44.)  For these reasons, Judge Howell recommended the Court

grant in part and deny in part the PUC Defendants' motion to dismiss.  (Id.)

    Both the PUC Defendants and Crystal Clear filed objections to Judge

Howell's Report.  (Dkts. ## 48, 49.)  The PUC Defendants object to Judge

Howell's finding that the case may proceed as to the request for an injunction

requiring the PUC Defendants to recertify the RBR and Lennar Homes tracts into

Crystal Clear's certificated water service area.  (Dkt. # 48.)  Crystal Clear objects

to Judge Howell's findings, arguing that the Court should not dismiss the claims

seeking to enforce Crystal Clear's § 1926(b) rights against curtailment of the

service area, and not dismiss its claims pursuant to Texas Water Code ("TWC")

§ 13.2541(d) or deny Crystal Clear leave to amend.  (Dkt. # 49.)

A.    <u>PUC Defendants' Objection</u>

PUC Defendants argue that the <u>Ex Parte Young</u> immunity exception does not cover Crystal Clear's request to require the PUC to recertify the decertified tracts back into Crystal Clear's CCN, which is the functional equivalent of voiding the PUC's release orders couched as a request for prospective relief. (Dkt. # 48 at 3.)  PUC Defendants contend that the effect of this relief would be retrospective because it would nullify the PUC's past release orders.  (<u>Id.</u> at 4.) The PUC Defendants also object on the basis that recertification is not allowable affirmative relief under <u>Ex Parte Young</u>.  (<u>Id.</u> at 6.)

Upon de novo review, the Court finds, as did the Magistrate Judge, that the Fifth Circuit has not definitively ruled that a request for recertification is barred by sovereign immunity.  <u>See</u> <u>Green Valley Spec. Util. Dist. v. City of Schertz, Tex.</u>, 969 F.3d 460, 472 n.21 (5th Cir. 2020).  Instead, the Fifth Circuit left that question for "another day."  <u>Id.</u>  Additionally, the Court is wary of foreclosing Crystal Clear's proposed prospective relief by denying it the ability to bring the claim in case it insulates state officials from any suit where the proposed prospective relief would implicate a past agency order that results in a continuing violation of federal law.  <u>See id.</u> at 472 (rejecting argument that "the remedies Green Valley wants are inherently retrospective [just] because they are targeted at undoing the decertification").  Thus, the Court will overrule the PUC Defendants'

objection.  Accordingly, the Court finds that Crystal Clear's request for injunctive relief which requires the PUC to recertify the property at issue is prospective in nature and thus not barred by sovereign immunity.

      B.    <u>Crystal Clear's Objections</u>

      In somewhat repeated arguments made to the Magistrate Judge, Crystal Clear again asserts that the recent Fifth Circuit case Judge Howell relied on to recommend dismissal of the remaining claims, <u>Dobbin Plantersville Water Supply Corp. v. Lake</u>, 108 F.4th 320 (2024), is not final because there is a motion for rehearing pending in the Fifth Circuit.  (Dkt. # 49 at 5.)  Alternatively, even if <u>Dobbin</u> were to be final, Crystal Clear contends that it has asserted appropriate claims for relief in defense of its federally protected right to non-encroachment, non-curtailment, and non-limitation under 7 U.S.C. § 1926(b).  (<u>Id.</u> at 7.)  Crystal Clear further argues that its claims seeking to eliminate the unconstitutional subsection (d) of TWC § 13.2541 should not be dismissed.  (<u>Id.</u> at 9.)

      First, the docket in the Fifth Circuit in the case of <u>Dobbin</u> reflects that the motion for rehearing was denied on January 30, 2025.  (No. 23-50215, Dkt. # 142.)  Thus, the Court will overrule Crystal Clear's objection on this basis.  Next, upon de novo review, the Court finds that Crystal Clear's requested relief in its remaining claims is essentially retrospective and thus outside the scope of <u>Ex Parte Young</u>.  Contrary to Crystal Clear's arguments, the PUC Defendants have already

8

decertified the tracts of land at issue in this case, granting RBR and Lennar's applications for such.  Thus, it does not appear the PUC even has jurisdiction over the matter at this point.  See Green Valley, 969 F.3d at 473; Dobbin, 108 F.4th at 327.

Nor does the Court find the Magistrate Judge erred in his determination that the requested relief is not redressable.  Crystal Clear has not demonstrated that it can satisfy the redressability prong of standing when it has sued the PUC Defendants who no longer have the power to redress their alleged injuries.  See Okpalobi v. Foster, 244 F.3d 405, 426–27 (5th Cir. 2001).  And, upon de novo review, the Court finds that Crystal Clear's remaining claims for relief are not prospective in nature and thus are barred by sovereign immunity.  The Court further concludes that Crystal Clear does not have standing to pursue its remaining claims for relief.

C.    Leave to Amend

The Court will also deny Crystal Clear leave to amend as recommended by the Magistrate Judge because Crystal Clear has not included any specific grounds to amend and any such amendment would be futile.  See U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 387 (5th Cir. 2003); Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872–73 (5th Cir. 2000).  The Court agrees with Judge Howell that "Crystal Clear's request for leave to amend

9

includes a litany of complaints against the PUC Defendants but no 'indication of the particular grounds on which the amendment is sought,' which 'does not constitute a motion within the contemplation of Rule 15(a).'" (Dkt. # 44 at 14 n.8 (quoting <u>Willard</u>, 336 F.3d at 387).)

      D.    <u>Motion for Summary Judgment</u>

Given the Court's ruling in this Order granting dismissal of all of Crystal Clear's claims except its request for an injunction requiring the PUC Defendants to "recertify the RBR and Lennar Homes tracts into Plaintiff's certificated water service area," the Court will **DENY WITHOUT PREJUDICE** subject to refiling Crystal Clear's motion for summary judgment (Dkt. # 43) to address the only remaining claim in this case.

<u>CONCLUSION</u>

Having reviewed the Magistrate Judge's findings and conclusions and finding no errors, the Court will accept and adopt the Report and Recommendation for the reasons stated therein. Thus, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court (Dkt. # 44) and **GRANTS IN PART** and **DENIES IN PART** the PUC Defendants' Motion to Dismiss (Dkt. # 35.) The Court **DENIES WITHOUT PREJUDICE** Crystal Clear's Motion for Summary Judgment (Dkt. # 43).

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, February 11, 2025.

_____
David Alan Ezra
Senior United States District Judge